UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL D. MCGHEE,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. EDCV 18-702 SJO(JC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO AMEND |

On October 10, 2017, petitioner filed a Petition for Writ of Habeas Corpus in the Eastern District of California. On February 9, 2018, petitioner filed a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition" or "FAP") in the Eastern District of California.[1] On April 4, 2018, the matter was transferred to the Central District of California and subsequently assigned to this Court for adjudication. As the operative First Amended Petition is deficient in at least the following respects, it is dismissed with leave to amend.

---

[1] As the pages of the First Amended Petition are not sequentially numbered, the Court refers to the page numbers reflected in the Case Management/Electronic Case Filing System (CM/ECF). (Docket No. 5). It is not clear if petitioner is in physical custody or out on parole as the First Amended Petition, at one point reflects that petitioner is on parole (FAP at 3), and at another point refers to his "current enjailment" (FAP at 7).

First, the First Amended Petition has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") or the form currently approved by the Central District of California for habeas petitions. See Local Rule 83-16; Rule 2(d) of the Habeas Rules. It is important to utilize the approved form, because, among other reasons, the approved form calls for specific information regarding whether individual claims have been presented to and resolved by the highest state court, *i.e.*, whether they have been exhausted, as discussed further below.

Second, the First Amended Petition improperly names the State of California as a Respondent. See Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964) (State of California incorrectly named as respondent). To the extent petitioner is in physical custody, an appropriate respondent is the state officer who has custody (*i.e.*, a prison warden at the facility where petitioner may currently be housed). See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2 of the Habeas Rules and the Advisory Committee Notes thereto. To the extent petitioner is out on parole due to a state judgment he is attacking, the proper respondents are the particular parole officer responsible for supervising the petitioner and the official in charge of the parole agency, or the state correctional agency, as appropriate. See Advisory Committee Notes to Rule 2 of the Habeas Rules. The failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

Third, the First Amended Petition improperly appears to challenge multiple judgments – a March 2012 judgment in San Bernardino County Superior Court ("San Bernardino Judgment"), a "new case" in California, and a "new case" in Florida – as well as the terms/conditions of the parole petitioner is apparently currently serving in connection with the San Bernardino Judgment. (FAP at 2). A federal habeas petition may challenge only a single judgment. See Rule 2(e) of the

Habeas Rules ("A petitioner who seeks relief from judgment of more than one state court must file a separate petition covering the judgment or judgments of each court.").

Fourth, to the extent petitioner challenges the San Bernardino Judgment, this Court is without jurisdiction to consider the First Amended Petition because it is successive (*i.e.*, petitioner previously filed a federal petition challenging the San Bernardino Judgment which was resolved on the merits),[2] and the record does not reflect that the United States Court of Appeals for the Ninth Circuit has authorized petitioner to file a second or successive petition challenging the same judgment.[3] Absent authorization from the Ninth Circuit or a new and intervening judgment, petitioner may not bring another habeas petition challenging the San Bernardino Judgment in this Court. See 28 U.S.C. § 2244; see also Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citation omitted), cert. denied, 538 U.S. 984 (2003).

///
///
///
///

---

[2] The Court takes judicial notice of the docket and filings in Darryl D. McGhee v. Neil McDowell, Central District of California Case No. EDCV 14-97-SJO-DTB ("First Federal Action"). See Fed. R. Evid. 201; Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). Although the Magistrate Judge assigned to the First Federal Action initially issued a Report and Recommendation recommending that petitioner be granted federal habeas relief (First Federal Action Docket No. 15), he thereafter issued a Superseding Report and Recommendation recommending that petitioner be denied federal habeas relief on the merits (First Federal Action Docket No. 25). On December 16, 2015, this Court adopted the Superseding Report and Recommendation and denied petitioner federal habeas relief. (First Federal Action Docket No. 28). Judgment was entered accordingly on December 17, 2015. (First Federal Action Docket No. 29). Petitioner did not appeal.

[3] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

3

Fifth, pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts.[4] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 568 U.S. 959 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010). In this case, the First Amended Petition does not reflect that any of petitioner's claims have been presented to and resolved by the highest state court.[5] Indeed, the First Amended Petition suggests that petitioner's claims have not yet been exhausted because petitioner concurrently "presented his grounds to the San Bernardino County Superior Court[.]" (FAP at 7).

///
///
///

---

[4] A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

[5] Based upon matters as to which the Court has taken judicial notice, it does not appear that petitioner has exhausted his current claims. To the extent petitioner challenges California state judgments, the dockets of the California Supreme Court (available at http://appellatecases.courtinfo.ca.gov) reflect a single case involving petitioner – his challenge to the San Bernardino Judgment on direct appeal in 2013 – before the First Federal Action. To the extent petitioner challenges a Florida judgment, the dockets of the Florida Supreme Court (available at http://onlinedocketssc.flcourts.org), do not reflect that petitioner has sought any relief from such court.

In light of the foregoing, IT IS HEREBY ORDERED:

1. The First Amended Petition is dismissed with leave to amend.[6]

2. If plaintiff still wishes to pursue this matter, he shall file a Second Amended Petition within twenty (20) days of the date of this Order which cures the defects set forth herein.[7] The Clerk is directed to provide plaintiff with a Central District of California Petition for Writ of Habeas Corpus by a Person in State Custody Form (CV-69), to facilitate plaintiff's filing of a Second Amended Petition if he elects to proceed in that fashion.

3. In the event petitioner elects not to proceed with this action, he shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.[8]

**4. Petitioner is cautioned that, absent further order of the Court, petitioner's failure timely to file a Second Amended Petition or Notice of Dismissal may result in the dismissal of this action.**

IT IS SO ORDERED.

DATED: May 3, 2018

_/s/ S. James Otero_
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Attachments

---

[6] By affording leave to amend, the Court makes no finding as to whether the original petition, the First Amended Petition, or any Second Amended Petition is timely or subject to dismissal as untimely.

[7] Any such Second Amended Petition must reflect the same case number, be clearly labeled "Second Amended Petition," and be filed out completely, without cross-reference to the original petition or the First Amended Petition.

[8] Dismissal of the present proceeding (even without prejudice) might contribute toward a statute of limitations bar against a federal petition subsequently filed by petitioner. Although 28 U.S.C. § 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim," the statute of limitations probably has not/would not be tolled during the pendency of these federal proceedings. See Duncan v. Walker, 533 U.S. 167, 180-81 (2001).