UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DARRYL D. McGHEE,                    )   Case No. EDCV 18-702 SJO(JC)
                                     )
                     Petitioner,     )   MEMORANDUM OPINION AND
                                     )   ORDER DISMISSING ACTION
             v.                      )
                                     )
STATE OF CALIFORNIA,                 )
                                     )
                     Respondent.     )
_____    )

## I.    BACKGROUND AND SUMMARY

On October 10, 2017, petitioner Darryl D. McGhee filed a Petition for Writ
of Habeas Corpus in the Eastern District of California.  On February 9, 2018,
petitioner filed a First Amended Petition for Writ of Habeas Corpus ("First
Amended Petition") in the Eastern District of California.  On April 4, 2018, the
matter was transferred to the Central District of California and subsequently
assigned to this Court for adjudication.  As the operative First Amended Petition
was deficient in multiple respects, this Court dismissed it with leave to amend on
May 3, 2018 ("First May Order").  The First May Order described the reasons the
First Amended Petition was deficient, afforded petitioner leave to file a second
amended petition for writ of habeas corpus ("second amended petition") within

twenty (20) days (*i.e.*, by May 23, 2018) if he wished to pursue this matter, directed him to file a notice of dismissal by such deadline if he elected not to proceed with this action, and directed the Clerk to provide petitioner with a blank current Central District habeas petition form for petitioner's use.[1] The First May Order further expressly cautioned petitioner in bold face print that the failure timely to file a second amended petition or notice of dismissal may result in the dismissal of this action.

As the First May Order was not originally sent to petitioner's correct address due to a clerical error, the assigned Magistrate Judge, on May 17, 2018, ordered the Clerk to serve petitioner with the First May Order at his correct address and *sua sponte* extended petitioner's deadline to file a second amended petition or notice of dismissal to June 6, 2018 ("Second May Order"). The Second May Order further expressly cautioned petitioner in bold face print that the failure timely to file a second amended petition or notice of dismissal may result in the dismissal of this action with or without prejudice based upon petitioner's failure diligently to prosecute and/or his failure to comply with the Court's Orders.

Although the deadline to respond file a second amended petition or notice of dismissal expired more than two weeks ago, to date, petitioner has not filed a second amended petition or a notice of dismissal, or otherwise communicated with

---

[1]Specifically, the First May Order advised petitioner, albeit in greater detail and with citation to authorities, that the First Amended Petition was deficient in the following respects: (1) it had not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions; (2) it did not name a proper respondent; (3) it appeared to challenge multiple judgments even though a habeas petitioner may challenge only a single judgment in a federal habeas petition (Rule 2(e) of the Habeas Rules); (4) to the extent it challenged a March 2012 San Bernardino County Superior Court Judgment, the Court was without jurisdiction to consider it because it was successive (*i.e.*, petitioner previously filed a federal petition challenging such judgment which was resolved on the merits in 2015) and the record does not reflect that petitioner obtained authorization from the Ninth Circuit to file it; and (5) it did not reflect that petitioner's claims had been exhausted, and it appeared to the Court from publicly available records that such claims had not been exhausted.

2

the Court since the issuance of the First May Order.

As discussed below, this action is dismissed due to petitioner's unreasonable failure to prosecute and petitioner's failure to comply with the First and Second May Orders.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).[2]

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

---

[2]Pursuant to Rule 12 of the Habeas Rules, the Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or the Habeas Rules, may be applied to habeas proceedings. Applying Rule 41(b) of the Federal Rules of Civil Procedure (and its attendant interpretative case law) to this habeas proceeding is not inconsistent with the Habeas Rules or any statutory provision.

Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in his pleading so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a pleading was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

## III. DISCUSSION AND ORDERS

First, the issuance of the First May Order dismissing the First Amended Petition with leave to amend was proper and such order was not erroneous. See supra note 2.

Second, the First May Order explained in detail why the First Amended Petition was deficient in multiple respects, granted petitioner leave to file a proper second amended petition (or a notice of dismissal if he did not wish to pursue this action), and expressly cautioned that the failure timely to do so may result in dismissal of this action. The Second May Order extended petitioner's deadline to file a second amended petition or a notice of dismissal and again expressly cautioned petitioner that the failure timely to do so may result in dismissal of this action based upon petitioner's failure diligently to prosecute and/or his failure to comply with the Court's orders. Notwithstanding the foregoing, petitioner has not communicated with the Court and has done nothing to prosecute this action since the issuance of the First May Order.

///

Finally, upon consideration of the five factors noted above, the Court finds that petitioner's unreasonable failure to prosecute his case and failure to comply

4

with the First and Second May Orders warrants dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting petitioner's response to the Court's directives. The third factor, risk of prejudice to respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as petitioner has already been cautioned of the consequences of his failure to comply with the First and Second May Orders, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal without prejudice is feasible.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based upon petitioner's unreasonable failure to prosecute and his failure to comply with the First and Second May Orders, and that judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve a copy of the instant Memorandum Opinion and Order Dismissing Action and the judgment on petitioner and respondent.

IT IS SO ORDERED.

DATED: June 21, 2018

_S. James Otero_
_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE